UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

CHARLES WILLIAMS, JR.,

                                                    Plaintiff,

v.                                                                      5:24-cv-0620
                                                                        (FJS/TWD)

ZACHARY PELOSI, et al.,

                                                    Defendants.

_____

APPEARANCES:                                        OF COUNSEL:

CHARLES WILLIAMS, JR.
*Plaintiff, pro se*
4092
Cayuga County Jail
7445 County House Road
Auburn, NY 13021

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

### I.      INTRODUCTION

The Clerk has sent to the Court for review a complaint submitted by *pro se* plaintiff

Charles Williams, Jr. ("Plaintiff") asserting claims pursuant to 42 U.S.C. § 1983.  Dkt. No. 1.

Plaintiff, who is currently confined at the Cayuga County Jail, has not paid the filing fee for this

action and seeks leave to proceed *in forma pauperis* ("IFP").  Dkt. Nos. 2, 3.

### II.     IFP APPLICATION

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court

without prepayment of the filing fee that would ordinarily be charged."  *Cash v. Bernstein*, No.

1:09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).  "Although an indigent,

incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id.* (citing 28 U.S.C. § 1915(b); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)); *see also* 28 U.S.C. § 1915A(c) ("As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.").

Upon review, Plaintiff's IFP application demonstrates economic need.  Dkt. No. 2. Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and has filed the inmate authorization form required in this District, Dkt. No. 3, he is granted permission to proceed IFP.[1]

## III.    BACKGROUND

On or about May 19, 2021, Plaintiff alleges he entered a store with four others.  Dkt. No. 1 at 4.[2]  Upon entering the establishment,

> The defendant Zachary Pelosi ambushed and attacked everyone who entered said establishment without warning or provocation.  The defendant maced every occupant above.  The defendant than stabbed the plaintiff into his chest.  Defenseless plaintiff exited the store blinded nearly, held the door closed after getting everyone out. The defendant used a baton striking plaintiff through the glass door.  In imminent danger & fear of his life plaintiff fought for his life to fend off his attackers.  Plaintiff endured several injuries, punctures, lacerations & bruises.

---

[1] Although his IFP application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

[2] Citations to Plaintiff's submissions will refer to the pagination generated by CM/ECF, the Court's electronic filing system.  Unless otherwise indicated, excerpts from the record are reproduced exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected.

*Id.* The complaint contains claims for "pain and suffering" and "mental anguish" pursuant to 42 U.S.C. § 1983. *Id.* at 5, 1. Plaintiff identified Zachary Pelosi, entrepreneur and business owner of All American Mart in Auburn, and John Doe a.k.a. "Twist," the store owner's helper, as defendants. *Id.* at 2-3. He seeks $300,000 in relief. *Id.* at 5.

## IV.    LEGAL STANDARD

Section 1915 of Title 28 requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2); § 1915(e)(2)(B)(i)-(iii); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citation omitted). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . or (2) the claim is based on an indisputably meritless legal theory.").

Additionally, when reviewing a complaint, a court may look to the Federal Rules of Civil Procedure.  To survive dismissal for failure to state a claim, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).[3]  This short and plain statement of the claim must be "plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citations omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.

Moreover, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted).  However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

---

[3] *See also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.").

V.     **ANALYSIS**

Federal courts exercise limited jurisdiction pursuant to Article III of the Constitution.  A

court may exert subject matter jurisdiction over "all civil actions arising under the Constitution,

laws, or treaties of the United States" and civil actions where there is diversity of citizenship

between the parties and the amount in controversy exceeds the sum of $75,000.  28 U.S.C. §§

1331, 1332.  In the absence of a basis for exercising jurisdiction, the case must be dismissed.

Fed. R. Civ. P. 12(h)(3); *United States v. Cotton*, 535 U.S. 625, 630 (2002); *see also Arbaugh v.

Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006) ("A claim invoking federal-question jurisdiction

under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not

colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is

'wholly insubstantial and frivolous.'") (citing *Bell v. Hood*, 327 U.S. 678, 682-83 (1946))

(additional citations omitted).  "[F]ailure of subject matter jurisdiction is not waivable and may

be raised at any time by a party or by the court *sua sponte*."  *Lyndonville Sav. Bank & Trust Co.

v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000).

Here, even afforded a liberal construction, Plaintiff's complaint has failed to allege a

federal claim such that the Court's federal question subject matter jurisdiction under 28 U.S.C. §

1331 may be invoked.  *See generally*, *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.

2000) (the plaintiff bears the burden of establishing subject matter jurisdiction).

It appears Plaintiff seeks to invoke federal question subject matter jurisdiction given that

he utilized a form complaint and checked "42 U.S.C. § 1983" as the legal basis for his claims.

*See* Dkt. No. 1 at 1.  Additionally, on the civil cover sheet, he listed "8th Amendment violation

occurred from store owners attack" as the cause of action.  *See* Dkt. No. 1-1 at 1.  However, "[t]o

state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct

(1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)); *see also Bennett v. Bailey*, No. 5:20-CV-0903 (GTS/ATB), 2020 WL 5775940, at *2 (N.D.N.Y. Aug. 17, 2020) ("The requirement that the defendant acted under 'color of state law' is jurisdictional.") (citation omitted), *report and recommendation adopted*, 2020 WL 5775231 (N.D.N.Y. Sept. 28, 2020).  "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)) (additional citation omitted).

In this case, Plaintiff has not alleged Zachary Pelosi or John Doe acted under the color of state law, therefore, they cannot be sued under § 1983.  *See Basile v. Connolly*, 538 F. App'x 5, 7 (2d Cir. 2013) (Summary Order) ("private individuals . . . cannot be sued under 42 U.S.C. § 1983 absent a plausible allegation that they acted under color of state law.").  Nor has Plaintiff identified any violation of a right guaranteed by federal law or the U.S. Constitution such that his right to relief requires resolution of a substantial question of federal law.  *Dobbs v. SEFCU*, No. 1:22-CV-1228 (LEK/TWD), 2022 WL 17617752, at *2 (N.D.N.Y. Dec. 13, 2022) ("Federal question jurisdiction exists where the complaint 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law.'") (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)), *report and recommendation adopted*, 2023 WL 1431633 (N.D.N.Y. Feb. 1, 2023).

Moreover, there is nothing in Plaintiff's complaint which would indicate the Court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332.  While the requested $300,000 in damages is greater than the statutory amount in controversy requirement, *see* Dkt. No. 1 at 5; 28 U.S.C. § 1332(a), the complaint is completely devoid of information concerning the Defendants' domicile; therefore, Plaintiff has failed to invoke diversity jurisdiction.  *See generally*, *Cushing v. Moore*, 970 F.2d 1103, 1106 (2d Cir. 1992) ("28 U.S.C. § 1332 requires complete diversity between all plaintiffs and all defendants . . . ."); *see also*, *e.g.*, *Rashid v. Sufyan*, No. 1:16-CV-1094 (FJS/DJS), 2016 WL 7077082, at *3 (N.D.N.Y. Nov. 4, 2016) ("For diversity jurisdiction purposes, an individual's citizenship is the individual's domicile, which is determined on the basis of two elements: (1) physical presence in a state and (2) the intent to make the state a home.") (internal quotations and citations omitted), *report and recommendation adopted*, 2016 WL 7053412 (N.D.N.Y. Dec. 5, 2016).  Accordingly, the Court recommends dismissal of Plaintiff's complaint for lack of subject matter jurisdiction.

As previously stated, before dismissing a *pro se* complaint or any part of the complaint *sua sponte*, the Court should generally afford the plaintiff an opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile.  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).  Because the Court lacks subject matter jurisdiction, the Court must recommend dismissing the action without prejudice.  *Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018) (Summary Order); *see also Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 206-07 (2d Cir. 2019) (Summary Order) (explaining, where a court dismisses a complaint for lack of subject matter jurisdiction, the court does "not have the power to reach the merits and dismiss the claims against the defendants for failure to state a claim, or to eventually dismiss the complaint with prejudice for failure to file a proposed

amended complaint.") (citing *Carter v. HealthPort Technologies, LLC*, 822 F.3d 47, 54-55 (2d Cir. 2016)).  Therefore, the Court recommends granting Plaintiff leave to amend.

The Court advises Plaintiff that should he be permitted to amend his complaint, any amended pleading he submits to this Court must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Any such amended complaint should specifically identify the legal theory or theories that form the basis for his claim.  Plaintiff is cautioned that no portion of his prior complaint shall be incorporated into his amended complaint by reference.  Any amended complaint submitted by Plaintiff must set forth all of the claims he intends to assert against the Defendants and must demonstrate that a case or controversy exists between the Plaintiff and the Defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction.  If Plaintiff is alleging the Defendants violated a law, he should specifically refer to such law.  Of course, Plaintiff may also pursue his claims in state court if appropriate.

## VI.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**, and it is

**RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**; and it is further

**ORDERED** that the Clerk provide to Plaintiff a copy of this Report-Recommendation and Order, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[4]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: June 11, 2024
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

2010 WL 5185047
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

David J. CASH, Plaintiff,

v.

BERNSTEIN, MD, Defendant.

No. 09 Civ.1922(BSJ)(HBP).
|
Oct. 26, 2010.

*REPORT AND RECOMMENDATION*[1]

[1]
At the time the action was originally filed, the Honorable Leonard B. Sand, United States District Judge, granted plaintiff's application for *in forma pauperis* status based on plaintiff's *ex parte* submission (Docket Item 1). Although the present application seeking to revoke plaintiff's *in forma pauperis* status is non-dispositive, I address it by way of a report and recommendation to eliminate any appearance of a conflict between the decision of a district judge and that of a magistrate judge.

PITMAN, United States Magistrate Judge.

**\*1** TO THE HONORABLE BARBARA S. JONES, United States District Judge,

I. *Introduction*

By notice of motion dated March 4, 2010 (Docket Item 11), defendant moves pursuant to 28 U.S.C. § 1915(g) to revoke plaintiff's *in forma pauperis* ("IFP") status on the ground that plaintiff has previously had at least three Section 1983 actions dismissed as frivolous, malicious or failing to state a claim upon which relief could be granted, and has not shown that he is in imminent danger of serious physical injury. Defendant further seeks an order directing that the action be dismissed unless plaintiff pays the full filing fee within thirty (30) days. For the reasons set forth below, I respectfully recommend that defendant's motion be granted.

II. *Facts*

Plaintiff, a sentenced inmate in the custody of the New York State Department of Correctional Services, commenced this action on or about January 12, 2009 by submitting his complaint to the Court's Pro Se office. Plaintiff alleges, in pertinent part, that he has "a non-healing ulcer that is gane green [*sic* ]" and that defendant Bernstein "did not want to treat the ulcer right" (Complaint, dated March 3, 3009 (Docket Item 2) ("Compl."), at 3).

The action was originally commenced against two defendants —Dr. Bernstein and Dr. Finkelstein. The action was dismissed as to Dr. Finkelstein because the complaint contained no allegations whatsoever concerning Dr. Finkelstein (Order dated February 18, 2010 (Docket Item 9)).

On March 4, 2010, the sole remaining defendant—Dr. Bernstein—filed the current motion. Plaintiff failed to submit a response. Accordingly, on August 20, 2010, I issued an Order advising plaintiff that if he wished to oppose the motion, he must submit his opposition by September 15, 2010 and that after that date I would consider the motion fully submitted and ripe for decision (Order dated August 20, 2010 (Docket Item 15)). The only submission plaintiff has made in response to my Order is a multi-part form issued by the New York State Department of Correctional Services entitled "Disbursement or Refund Request."[2] By this form, plaintiff appears to request that the New York State Department of Correctional Services pay the filing fee for this action. The form is marked "Denied."

[2]
Plaintiff sent this form directly to my chambers, and it has not been docketed by the Clerk of the Court. The form will be docketed at the time this Report and Recommendation is issued.

III. *Analysis*

28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged. Although an indigent, incarcerated individual need not prepay the filing fee at the time at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts. 28 U.S.C. § 1915(b); *Harris v. City of New York,* 607 F.3d 18, 21 (2d Cir.2010). To prevent abuse of the judicial system by inmates, paragraph (g) of this provision denies incarcerated individuals the right to proceed without prepayment of the filing fee if they have repeatedly filed meritless actions, unless such an individual shows that he or she is in imminent danger of serious

physical injury. *See Ortiz v. McBride,* 380 F.3d 649, 658 (2d Cir.2004) ("[T]he purpose of the PLRA ... was plainly to curtail what Congress perceived to be inmate abuses of the judicial process."); *Nicholas v. Tucker,* 114 F.3d 17, 19 (2d Cir.1997). Specifically, paragraph (g) provides:

> **\*2** In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If an inmate plaintiff seeks to avoid prepayment of the filing fee by alleging imminent danger of serious physical injury, there must be a nexus between the serious physical injury asserted and the claims alleged. *Pettus v. Morgenthau,* 554 F.3d 293, 298 (2d Cir.2009).

Section 1915(g) clearly prevents plaintiff from proceeding in this action without prepayment of the filing fee. The memorandum submitted by defendant establishes that plaintiff has had his IFP status revoked on at least four prior occasions as a result of his repeatedly filing meritless actions.

- In 2005, plaintiff commenced an action in the United States District Court for the Northern District of New York seeking to have his infected leg amputated. *Nelson[3] v. Lee,* No. 9:05–CV–1096 (NAM)(DEP), 2007 WL 4333776 (N.D.N.Y. Dec. 5, 2007). In that matter, the Honorable Norman A. Mordue, Chief United States District Judge, accepted and adopted the Report and Recommendation of the Honorable David E. Peebles, United States Magistrate Judge, that plaintiff had brought three or more prior actions that had been dismissed for failure to state a claim and that plaintiff's IFP status should, therefore, be revoked. 2007 WL 4333776 at \*1–\*2.

3  It appears that plaintiff uses the names David J. Cash and Dennis Nelson interchangeably. In his complaint in this matter, plaintiff states that the Departmental Identification Number, or DIN, assigned to him by the New York State Department of Correctional Services ("DOCS") is 94–B–0694 (Compl. at 7). DOCS inmate account records submitted by plaintiff in connection with his application for IFP status indicate that DIN 94–B–0694 is assigned to Dennis Nelson. In addition, the DOCS form described in footnote two bears the docket number of this action, but is signed in the name of Dennis Nelson and was sent in an envelope identifying the sender as Dennis Nelson. A subsequent action has been filed in this Court in which the plaintiff identifies himself as Dennis Nelson but lists his DIN as 94–B–0694, the same DIN used by plaintiff here. Finally, plaintiff has submitted nothing to controvert the assertion in defendant's papers that David Cash and Dennis Nelson are the same person. In light of all these facts, I conclude that David Cash and Dennis Nelson are both names used by plaintiff.

- In *Nelson v. Nesmith,* No. 9:06–CV–1177 (TJM)(DEP), 2008 WL 3836387 (N.D.N.Y. Aug. 13, 2008), plaintiff again filed an action concerning the medical care he was receiving for his left leg. The Honorable Thomas J. McAvoy, United States District Judge, accepted the Report and Recommendation of Magistrate Judge Peebles, and revoked plaintiff's IFP status and dismissed the action on the ground that plaintiff had previously commenced at least three actions that had been dismissed on the merits. 2008 WL 3836387 at \*1, \*7.

  - In *Nelson v. Spitzer,* No. 9:07–CV–1241 (TJM) (RFT), 2008 WL 268215 (N.D.N.Y. Jan. 29, 2008), Judge McAvoy again revoked plaintiff's IFP status on the ground that plaintiff had commenced three or more actions that constituted "strikes" under Section 1915(g) and had not shown an imminent threat of serious physical injury. 2008 WL 268215 at \*1–\*2.

  - Finally, in *Nelson v. Chang,* No. 08–CV–1261 (KAM)(LB), 2009 WL 367576 (E.D.N.Y. Feb. 10, 2009), the Honorable Kiyo A. Matsumoto, United

States District Judge, also found, based on the cases discussed above, that plaintiff had exhausted the three strikes permitted by Section 1915(g) and could not proceed IFP in the absence of a demonstration of an imminent threat of serious physical injury. 2009 WL 367576 at *2–*3.

**\*3** As defendant candidly admits, there is one case in which plaintiff's leg infection was found to support a finding of an imminent threat of serious physical injury sufficient to come within the exception to Section 1915(g). *Nelson v. Scoggy,* No. 9:06–CV–1146 (NAM)(DRH), 2008 WL 4401874 at *2 (N.D.N.Y. Sept. 24, 2008). Nevertheless, summary judgment was subsequently granted for defendants in that case, and the complaint was dismissed. Judge Mordue concluded that there was no genuine issue of fact that plaintiff had received adequate medical care for his leg wound and that the failure of the leg to heal was the result of plaintiff's own acts of self-mutilation and interference with the treatment provided. *Nelson v. Scoggy,* No. 9:06–CV–1146 (NAM)(DRH), 2009 WL 5216955 at *3–*4 (N.D.N.Y. Dec. 30, 2009). [4]

[4]

> Although the form complaint utilized by plaintiff expressly asks about prior actions involving the same facts, plaintiff disclosed only the *Scoggy* action and expressly denied the existence of any other actions relating to his imprisonment (Compl. at 6).

In light of the foregoing, there can be no reasonable dispute that plaintiff has exceeded the three "strikes" allowed by Section 1915(g) and that he cannot, therefore, proceed here without prepaying the filing fee unless he demonstrates an imminent threat of serious physical injury. Plaintiff has declined to attempt to make this showing in response to defendant's motion, and the only suggestion in the record of serious physical injury is the bare statement in the complaint that plaintiff "need[s] to go back to a wound speci [a]list before the gane green [*sic* ] kills [him]" (Compl. at 5). "However, unsupported, vague, self-serving, conclusory speculation is not sufficient to show that Plaintiff is, in fact, in imminent danger of serious physical harm." *Merriweather v. Reynolds,* 586 F.Supp.2d 548, 552 (D.S.C.2008), *citing Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir.2003) *and White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir.1998); *see also Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir.2003) (imminent danger exception to Section 1915(g) requires "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"). Given the plaintiff's

history, as set forth in the cases described above, I conclude that this vague statement is insufficient to support a finding that plaintiff is in imminent danger of serious physical injury. [5]

[5]

> Plaintiff has sent me several letters describing his wound and its symptoms in detail, and I have no doubt that the wound is serious. However, in granting summary judgment dismissing an action last year based on the same allegations, Judge Mordue of the Northern District found that there was no genuine issue of fact that plaintiff's own conduct was responsible for the ineffectiveness of the treatment he was provided:
>
> > Furthermore, to the extent that Nelson's medical treatment was delayed, much of the delay was due to his own refusal to cooperate with medical staff and his self-mutilations. Nelson's actions to thwart the medical treatment of his wound cannot be construed as interference or indifference by anyone else.... [T]he medical treatment Nelson received complied with constitutional guarantees as it was appropriate, timely, and delayed only by Nelson's own actions.
>
> *Nelson v. Scoggy, supra,* 2009 WL 5216955 at *4. Given plaintiff's total failure to respond to the pending motion and his failure to even deny that he is actively thwarting treatment of his wound, it would be sheer speculation for me to conclude that he is in imminent danger of a serious injury as a result of defendant's conduct.

## IV. *Conclusion*

Accordingly, for all the foregoing reasons, I find that plaintiff has had three or more prior actions dismissed as being frivolous, malicious or failing to state a claim and that plaintiff's *in forma pauperis* status should, therfore, be revoked. If your Honor accepts this recommendation, I further recommend that the action be dismissed unless plaintiff pays the filing fee in full within thirty (30) days of your Honor's final resolution of this motion.

## V. *OBJECTIONS*

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6(a). Such objections (and

responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Barbara S. Jones, United States District Judge, 500 Pearl Street, Room 1920, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Jones. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. *Thomas v. Arn,* 474 U.S. 140, 155 (1985); *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir.1997); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983).

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 5185047

---

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

Bennett v. Bailey, Not Reported in Fed. Supp. (2020)

2020 WL 5775940

Case 5:24-cv-00620-FJS-TWD   Document 4   Filed 06/11/24   Page 14 of 29

2020 WL 5775940
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Andrew S. BENNETT and
Kristina M. McDonald, Plaintiffs,

v.

Don BAILEY and Route 11 Motorsports, Defendants.

5:20-CV-903 (GTS/ATB)
|
Signed 08/17/2020

**Attorneys and Law Firms**

ANDREW S. BENNETT and KRISTINA M. McDONALD,
Plaintiffs Pro Se.

**ORDER and REPORT-RECOMMENDATION**

ANDREW T. BAXTER, United States Magistrate Judge

**\*1** The Clerk has sent to the court for review a complaint
brought pursuant to 42 U.S.C. § 1983, filed by plaintiffs
Andrew S. Bennett and Kristina M. McDonald. (Dkt. No.
1). Plaintiffs have also applied to proceed in forma pauperis
("IFP"). [1] (Dkt. No. 2).

[1] Both plaintiffs have signed the complaint and
the IFP application and are each representing
themselves. Because this court is recommending
dismissal for lack of jurisdiction, the court will not
require plaintiffs to file separate IFP applications.

**I. IFP Application**
Plaintiffs declare in their IFP application that they are unable
to pay the filing fee. (Dkt. No. 2). After reviewing his
application, this court finds that plaintiffs are financially
eligible for IFP status.

However, in addition to determining whether plaintiffs meet
the financial criteria to proceed IFP, the court must also
consider the sufficiency of the allegations set forth in the
complaint in light of 28 U.S.C. § 1915, which provides that
the court shall dismiss the case at any time if the court
determines that the action is (i) frivolous or malicious; (ii)
fails to state a claim on which relief may be granted; or (iii)

seeks monetary relief against a defendant who is immune
from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must
consider whether the complaint lacks an arguable basis in
law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
Dismissal of frivolous actions is appropriate to prevent abuses
of court process as well as to discourage the waste of judicial
resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505
F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to
show liberality toward *pro se* litigants, and must use extreme
caution in ordering *sua sponte* dismissal of a *pro se* complaint
before the adverse party has been served and has had an
opportunity to respond, the court still has a responsibility
to determine that a claim is not frivolous before permitting
a plaintiff to proceed. *Fitzgerald v. First East Seventh St.
Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that
a district court may dismiss a frivolous complaint *sua sponte*
even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint
must contain sufficient factual matter, accepted as true, to
state a claim that is "plausible on its face." *Ashcroft v.
Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals
of the elements of a cause of action, supported by mere
conclusory statements, do not suffice." *Id.* (citing *Bell Atl.
Corp.*, 550 U.S. at 555).

**II. Complaint**
Plaintiffs allege that on March 17, 2020, they purchased a
car from the defendant Don Bailey and his company Route
11 Motorsports. (Complaint ("Compl.") ¶ 4 at p.2 (Facts)).
Plaintiffs claim that defendant Bailey gave them a "90 Day
Warranty" which he is not honoring. (*Id.*) Two days after
they purchased the vehicle, the motor began "knocking," and
plaintiffs contacted Don Bailey, who has failed to rectify the
situation. (*See* Compl. *generally* ¶ 4 at pp.3-6). Plaintiffs seek
a full refund of the purchase price of the vehicle and damages
for pain and suffering for a total of $10,500. (Compl. ¶¶ 5-6).

**III. Subject Matter Jurisdiction**

**A. Legal Standards**
**\*2** Federal courts are courts of limited jurisdiction, have
only the power that is authorized by Article III of the
Constitution, and may only preside over cases that fall
within the subject matters delineated by Congress. *Bender v.*

Bennett v. Bailey, Not Reported in Fed. Supp. (2020)

2020 WL 5775940

Case 5:24-cv-00620-FJS-TWD   Document 4   Filed 06/11/24   Page 15 of 29

*Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986) (citation omitted). The court must determine whether it has subject matter jurisdiction, and must dismiss a case at any stage of the proceedings if it determines that jurisdiction is lacking. *Cave. v. East Meadow Union Free School Dist.*, 514 F.3d 240, 250 (2d Cir. 2008).

In addition, federal courts have an "independent obligation" to consider the presence or absence of subject matter jurisdiction sua sponte. *Leopard Marine & Trading, Ltd. v. Easy Street, Ltd.*, 896 F.3d 174, 181 (2d Cir. 2018) (quoting *In re Quigley Co., Inc.*, 676 F.3d 45, 50 (2d Cir. 2012). Subject matter jurisdiction can never be waived or forfeited. *ACCD Global Agriculture, Inc. v. Perry*, No. 12 Civ. 6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust*, No. 09 Civ. 7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 434-35 (2011)).

Federal question jurisdiction pursuant to 28 U.S.C. § 1331 provides a basis for jurisdiction when the plaintiff brings a civil action that arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction is present when an action is between citizens of different states, and when the amount in controversy is in excess of $75,000.00. 28 U.S.C. § 1332(a)(1).

**B. Application**

**1. Section 1983**

**a. Legal Standards**

In order to bring a civil rights action under 42 U.S.C. § 1983, the plaintiff must establish that a defendant, who acts under color of state law, has caused the deprivation of a right protected by the federal constitution or laws. 42 U.S.C. § 1983. A person acts under color of state law when he or she acts in his or her official capacity, "clothed with the authority of state law," or acts under "pretense" of law by purporting to act with official power. *Pleasure Island, Inc. v. City of New York*, No. 12 Civ. 4699, 2013 WL 2311837, at *5-6 (E.D.N.Y. May 24, 2013) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)).

The requirement that the defendant acted under "color of state law" is jurisdictional. *Lucas v. Riggi*, No. 07-CV-6200,

2008 WL 4758706, at *2 (W.D.N.Y. Oct. 29, 2008) (citing *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)). Private conduct is simply beyond the reach of section 1983 " 'no matter how discriminatory or wrongful" that conduct may be." *Id.* (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)). A private party may act under color of state law if he or she engages in conduct that constitutes willful participation in joint activity with the state. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (per curiam). The nexus to the state must be so close as to be fairly treated as that of the state itself. *Tancredi v. Metro Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) (citations omitted).

**b. Application**

The defendants in this action are a private individual and what appears to be his car dealership. There is no indication that either of the defendants acts under color of state law. Therefore there is no jurisdiction under section 1983 for the plaintiffs' case. The court realizes that the plaintiffs are pro se and will attempt to determine whether there is any other jurisdictional basis for plaintiffs to bring an action in this court pursuant to federal question or diversity jurisdiction.[2]

[2]    A pro se plaintiff's pleadings are interpreted to raise the strongest arguments that they suggest. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

**2. Magnuson-Moss Warranty—Federal Trade Commission Act ("MMWA"), 15 U.S.C. § 2301**

**a. Legal Standards**

*3  The MMWA, is also known as the federal "lemon law." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 222 (2d Cir. 2017). The MMWA "is a remedial statute designed 'to improve the adequacy of information available to consumers, prevent deception, and improve competition in the marketing of consumer products.' " *Id.* (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. Abrams*, 899 F.2d 1315, 1317 (2d Cir. 1990) (quoting 15 U.S.C. § 2302(a)). The MMWA allows "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with ... a written warranty [or] implied warranty ... [to] bring suit for damages and other legal and equitable relief.' " *Id.* (quoting

Bennett v. Bailey, Not Reported in Fed. Supp. (2020)

2020 WL 5775940

Case 5:24-cv-00620-FJS-TWD    Document 4    Filed 06/11/24    Page 16 of 29

15 U.S.C. § 2310(d)(1)). However, the MMWA provides for federal jurisdiction under certain circumstances. *Id.* MMWA claims may be brought in federal court only if the amount in controversy meets or exceeds $50,000 (exclusive of interests and costs), computed on the basis of all claims in the action. *Id.* (citing § 2310(d)(3)(B)).

### b. Application

Plaintiffs in this action allege that the value of the car was $7,000.00 and their "pain and suffering" was worth another $3,500.00 for a total of $10,500.00 in damages. (Compl. ¶¶ 5-6). Thus, even if plaintiffs could make a claim under the MMWA for the failure of defendants to abide by their warranty, and even if they had cited the appropriate statute, plaintiffs cannot meet the jurisdictional amount for bringing an MMWA claim in federal court.

### 3. Contract Claims

### a. Legal Standards

Contract actions are generally state law claims, "governed by state law standards and analyzed using the familiar elements applied in a New York breach of contract action." *Liana Carrier Ltd. v. Pure Biofuels Corporation*, 672 F. App'x 85, 92 (2d Cir. 2016). Contractual obligations, are inherently creatures of state law. *Eugene Iovine, Inc. v. City of New York*, No. 98 Civ. 2767, 1999 WL 4899, at *2 (S.D.N.Y. Jan. 5, 1999) (citing *Gully v. First National Bank in Meridian*, 299 U.S. 109, 115 (1939)). "[A] complaint alleging a violation of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.' " *Id.* (quoting *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 817 (1986)).

### b. Application

Plaintiffs in this case essentially argue that defendant Bailey did not honor his agreement to fix the plaintiffs' car and now does not return their calls or texts. (Compl. ¶ 4 at pp.5-6). As stated above, plaintiffs do not meet the jurisdictional minimum for an MMWA claim. To the extent that plaintiffs

are trying to state a contract claim or a simple warranty claim, there is no jurisdiction in federal court for this action, given the facts of plaintiffs' case. While federal courts decide state law claims, those claims are generally either supplemental to a federal claim [3] or brought under diversity jurisdiction. There are no viable federal claims in this action. Thus, supplemental jurisdiction does not apply. Plaintiffs and defendants are citizens of the same state, and the amount in controversy is less than the jurisdictional amount of $75,000.00. Thus, there is no diversity jurisdiction. Because there is no jurisdiction to decide plaintiffs' claims, I must recommend dismissal.

[3]    28 U.S.C. § 1367(a) provides that

in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

### IV. Opportunity to Amend

### A. Legal Standards

**\*4** Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiffs' causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B. Application

There is no subject matter jurisdiction for plaintiffs to bring this action in federal court. It does not appear that any amendment or additional pleading will cure the defects in jurisdiction. Because there is no subject matter jurisdiction, the court will recommend dismissing the action without prejudice to plaintiffs bringing their claims in the appropriate state court. However, such dismissal should be without the opportunity to amend since plaintiffs will not be able to cure the deficiency in their complaint with better pleading.

**Bennett v. Bailey, Not Reported in Fed. Supp. (2020)**

2020 WL 5775940

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiffs' application to proceed IFP (Dkt. No. 2) is **GRANTED ONLY TO THE EXTENT NECESSARY TO FILE THIS ACTION**, and it is

**RECOMMENDED**, that the plaintiffs' complaint be **DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION, BUT WITHOUT THE OPPORTUNITY TO AMEND**, and it is.

**ORDERED**, that the Clerk serve a copy of this Order and Report-Recommendation on plaintiffs by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

**All Citations**

Not Reported in Fed. Supp., 2020 WL 5775940

---

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

Bennett v. Bailey, Not Reported in Fed. Supp. (2020)

Case 5:24-cv-00620-FJS-TWD   Document 4   Filed 06/11/24   Page 18 of 29

2020 WL 5775231

2020 WL 5775231
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Andrew S. BENNETT; and
Kristina M. McDonald, Plaintiffs,

v.

Don BAILEY; and Route 11 Motorsports, Defendants.

5:20-CV-0903 (GTS/ATB)
|
Signed 09/28/2020

**Attorneys and Law Firms**

ANDREW S. BENNETT and KRISTINA M. McDONALD,
Plaintiffs, Pro Se, 1137 Roberts Hollow Road, Lowman, New
York 14861.

**DECISION and ORDER**

GLENN T. SUDDABY, Chief United States District Judge

 **\*1**  Currently before the Court, in this *pro se habeas* breach-
of-contract action filed by Andrew S. Bennett and Kristina
M. McDonald ("Plaintiffs") against Don Bailey and Route 11
Motorsports ("Defendants") pursuant to 42 U.S.C. § 1983, is
United States Magistrate Judge Andrew T. Baxter's Report-
Recommendation recommending that Plaintiffs' Complaint
be dismissed without prejudice for lack of subject-matter
jurisdiction pursuant to 28 U.S.C. § 1915 and that such
dismissal should be without prior leave to amend. (Dkt.
No. 3.) Plaintiffs have not filed an objection to the Report-
Recommendation, and the time in which to do so has expired.
(*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein,
including Magistrate Judge Baxter's thorough Report-

Recommendation, the Court can find no clear-error in
the Report-Recommendation. [1] Magistrate Judge Baxter
employed the proper standards, accurately recited the facts,
and reasonably applied the law to those facts. As a result,
the Report-Recommendation is accepted and adopted in its
entirety for the reasons set forth therein, and Plaintiffs'
Complaint is dismissed without prejudice for lack of subject-
matter jurisdiction.

[1]     When no objection is made to a report-
        recommendation, the Court subjects that report-
        recommendation to only a clear-error review. Fed.
        R. Civ. P. 72(b), Advisory Committee Notes: 1983
        Addition. When performing such a "clear error"
        review, "the court need only satisfy itself that there
        is no clear error on the face of the record in order to
        accept the recommendation." *Id.*; *see also Batista
        v. Walker*, 94-CV-2826, 1995 WL 453299, at *1
        (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am
        permitted to adopt those sections of [a magistrate
        judge's] report to which no specific objection is
        made, so long as those sections are not facially
        erroneous.") (internal quotation marks omitted).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-
Recommendation (Dkt. No. 3) is **ACCEPTED** and
**ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiffs' Complaint (Dkt. No. 1) is
**DISMISSED without prejudice for lack of subject-matter
jurisdiction.**

**All Citations**

Not Reported in Fed. Supp., 2020 WL 5775231

---

**Dobbs v. SEFCU, Not Reported in Fed. Supp. (2022)**

Case 5:24-cv-00620-FJS-TWD    Document 4    Filed 06/11/24    Page 19 of 29

2022 WL 17617752

2022 WL 17617752
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Kristy DOBBS, Plaintiff,

v.

SEFCU, Defendant.

1:22-CV-1228 (LEK/TWD)
|
Signed December 13, 2022

**Attorneys and Law Firms**

KRISTY DOBBS, Plaintiff, pro se, 315 Sheridan Ave., Albany, NY 12206.

### ORDER AND REPORT-RECOMMENDATION

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

**\*1** Kristy Dobbs ("Plaintiff"), proceeding *pro se*, commenced this action against SEFCU ("Defendant") on November 18, 2022, and, in lieu of paying the Northern District of New York's filing fee, seeks leave to proceed *in forma pauperis* ("IFP"). (Dkt. Nos. 1, 2.)

### I. IFP APPLICATION

Plaintiff declares that she is unable to pay the filing fee for this action. (*See* Dkt. No. 2.) The undersigned has reviewed Plaintiff's IFP application and determines she financially qualifies to proceed IFP. Therefore, Plaintiff's IFP application is granted. [1]

---

[1]  Plaintiff is advised that she will still be required to pay any costs and fees that she may incur in this matter, including, but not limited to, any copying fees or witness fees.

### II. SCREENING OF THE COMPLAINT

#### A. Legal Standard

Under Section 1915(e), the Court must dismiss a complaint filed IFP if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotations and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989), *abrogated on other grounds by* Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); *see also* Denton v. Hernandez, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); Livingston, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless ... or (2) the claim is based on an indisputably meritless legal theory.") (internal quotations and citation omitted). To survive dismissal for failure to state a claim, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This short and plain statement of the claim must be "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The statement of the claim must do more than present "an unadorned, the-defendant-harmed-me accusation." *Id.* It must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555; *see also* Fed. R. Civ. P. 8(a)(2).

**\*2** In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**Dobbs v. SEFCU, Not Reported in Fed. Supp. (2022)**

2022 WL 17617752

### B. Summary of the Complaint

Plaintiff alleges in her Complaint that money was withdrawn from her account at Defendant SEFCU. (Dkt. No. 1.) She does not specify when or how much. *Id.* Plaintiff requests that the Court orders SEFCU to reimburse her in the amount of $20,000. *Id.* [2]

[2]    Plaintiff has also filed three separate actions in this District against Citizens Bank alleging someone withdrew money from her account. *See Dobbs v. Citizens Bank et al.*, 1:10-cv-01487-LEK-RFT, Dkt. No. 1(2010) ("*Dobbs I*"); *Dobbs v. Citizen Bank*, 1:20-cv-00627-GLS-CFH, Dkt. No. 1 (2020) ("*Dobbs II*"); *Dobbs v. Citizens Bank*, 1:22-cv-01226-TJM-DJS, Dkt. No. 1 (2022) ("*Dobbs III*"). *Dobbs I* and *Dobbs II* were dismissed for failure to state a claim upon which relief could be granted and lack of federal subject matter jurisdiction. On December 7, 2022, U.S. Magistrate Judge Daniel J. Stewart conducted an initial review in *Dobbs III* and recommended dismissal of the complaint.

### C. The Court's Analysis

Plaintiff provides almost no context to her allegations. More importantly, Plaintiff fails to demonstrate this Court's jurisdiction as she demonstrates neither federal question jurisdiction nor diversity jurisdiction. *See Smith ex rel. Bey v. Kelly*, 12-CV-2319, 2012 WL 1898944, at *2 (E.D.N.Y. May 24, 2012) (court is obligated to analyze whether subject matter jurisdiction exists as a part of § 1915(e) initial review and to dismiss the complaint when subject matter jurisdiction is found lacking).

Although Plaintiff has used a complaint form alleging subject matter jurisdiction pursuant to federal question, Plaintiff has failed to establish federal question jurisdiction as she has not set forth a federal law claim. 28 U.S.C. § 1331 confers onto federal courts subject matter jurisdiction over all federal questions, or "all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction exists where the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Even liberally construed, Plaintiff identifies

no statute under which her Complaint is brought and the Court can discern none. Plaintiffs' Complaint, at best, alleges possible state law claims for fraud in connection with the transaction. Therefore, the Court finds there is no federal question jurisdiction.

To properly allege diversity jurisdiction, Plaintiff must allege (1) diversity of citizenship between the parties, and (2) an amount in controversy that exceeds $75,000. *See* 28 U.S.C. § 1332(a). Here, Plaintiff cannot establish diversity jurisdiction because Plaintiff and Defendant are both citizens of the same state, New York. Plaintiff provides that she lives in Albany, New York and SEFCU is located in Albany, New York. Moreover, the amount in controversy is $20,000. Therefore, the Court finds there is no diversity jurisdiction.

**\*3** Accordingly, the undersigned recommends dismissing Plaintiff's Complaint without prejudice. [3] *Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018) ("[D]ismissal for subject matter jurisdiction must be without prejudice."). Generally, when the court dismisses a *pro se* complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to replead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). "[L]ack of subject matter jurisdiction is a substantive defect that cannot be cured by better pleading." *Moran v. Proskauer Rose LLP*, No. 1:17-CV-00423 (MAD/TWD), 2017 WL 3172999, at *3 (N.D.N.Y. July 26, 2017). In deference to Plaintiff's *pro se* status and out of an abundance of caution, the Court recommends granting Plaintiff leave to amend.

[3]    In light of the foregoing recommendation, Plaintiff is not prevented from filing a complaint in an appropriate state court, should she wish to do so. However, the undersigned makes no finding as to whether Plaintiff can successfully or properly bring the complaint in state court.

The Court advises Plaintiff that should she be permitted to amend her Complaint, any amended pleading she submits must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any such amended complaint should specifically identify the legal theory or theories that form the basis for her claim.

Plaintiff is cautioned that no portion of her prior Complaint shall be incorporated into her amended complaint by reference. Any amended complaint submitted by Plaintiff

**Dobbs v. SEFCU, Not Reported in Fed. Supp. (2022)**

Case 5:24-cv-00620-FJS-TWD   Document 4   Filed 06/11/24   Page 21 of 29

2022 WL 17617752

must set forth all of the claims she intends to assert against the Defendant and must demonstrate that a case or controversy exists between the Plaintiff and the Defendant which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named Defendant violated a law, she should specifically refer to such law. Lastly, Plaintiff is further cautioned that the filing of vexatious, harassing, or duplicative lawsuits may result in the imposition of sanctions, including limitations on her ability to file without prior permission of the Court. *See Ajamian v. Nimeh*, 14-CV-0320 (GTS), 2014 WL 6078425, at *3 (N.D.N.Y. Nov. 13, 2014) ("[A] federal district court may impose reasonable filing restrictions on a *pro se* litigant in that particular court, pursuant to 28 U.S.C. § 1651(a) and its inherent authority to control and manage its own docket so as to prevent abuse in its proceedings."); *see also In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (where a *pro se* plaintiff has demonstrated a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints," a "leave to file" requirement may be instituted by the court as an appropriate sanction); *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system."); *see, e.g.*, *Johnson v. Progressive.com*, 19-cv-11202-CM, 2020 WL 589127, at *1 (S.D.N.Y. Feb. 5, 2020) (declining to grant *pro se* plaintiff leave to amend in light of the plaintiff's "abusive litigation history" and where amendment would be futile).

### III. CONCLUSION

For the reasons sated herein, it is hereby

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP application (Dkt. No. 2) is **GRANTED;** and it is further

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND;** and it is further

 **\*4 ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. [4] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

[4]     If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

**All Citations**

Not Reported in Fed. Supp., 2022 WL 17617752

---

          © 2024 Thomson Reuters. No claim to original U.S. Government Works.

**Dobbs v. SEFCU, Not Reported in Fed. Supp. (2023)**

2023 WL 1431633

2023 WL 1431633
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Kristy DOBBS, Plaintiff,

v.

SEFCU, Defendant.

1:22-cv-01228 (AMN/TWD)
|
Signed February 1, 2023

**Attorneys and Law Firms**

KRISTY DOBBS, 315 Sheridan Ave., Albany, NY 12206, Plaintiff, Pro Se.

**MEMORANDUM-DECISION AND ORDER**

Anne M. Nardacci, United States District Judge:

**I. INTRODUCTION**

**\*1** On November 18, 2022, Plaintiff *pro se* Kristy Dobbs commenced this action alleging that money was improperly withdrawn from her account at Defendant SEFCU. *See* Dkt. No. 1 at 4. Plaintiff also sought leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 2. This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks, who, on December 13, 2022, issued an Order and Report-Recommendation granting Plaintiff's application to proceed IFP, and recommending that Plaintiff's complaint be dismissed without prejudice and with leave amend. *See* Dkt. No. 5 at 6. On December 19, 2022, Plaintiff filed a response to the Report-Recommendation. Dkt. No. 6.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety, and orders that the Complaint is dismissed without prejudice and with leave to amend.

**II. STANDARD OF REVIEW**

This court reviews *de novo* those portions of a magistrate judge's report-recommendations that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.' " *Petersen v. Astrue*, 2 F.

Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). When a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322 (TJM)(DRH), 2011 WL 933846, at \*1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.' " *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to " 'make reasonable allowances to protect *pro se* litigants' " from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal ...." *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB)(JCF), 2011 WL 3809920, at \*2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 1:22-cv-567 (BKS/CFH), 2022 WL 16918287, at \*1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1)(C).

**III. DISCUSSION**

**\*2** Plaintiff has not identified any portion of the Report-Recommendation that Plaintiff asserts to be error. In response to the Report-Recommendation, Plaintiff submitted a document docketed as an objection. Dkt. No. 6. Plaintiff's submission restates the Statement of Claim from the Complaint, *compare* Dkt. No. 6, *with* Dkt. No. 1 at 4, and does not reference the Report-Recommendation or identify any objection to the analysis in the Report-Recommendation. Plaintiff has thus failed to preserve an objection, and the Court reviews the Report-Recommendation for clear error. *See Caldwell*, 2022 WL 16918287, at \*1; *O'Diah*, 2011 WL 933846, at \*1.

**Dobbs v. SEFCU, Not Reported in Fed. Supp. (2023)**

2023 WL 1431633

Case 5:24-cv-00620-FJS-TWD   Document 4   Filed 06/11/24   Page 23 of 29

The Report-Recommendation appropriately applied the legal standard for review of a *pro se* complaint under Section 1915(e)(2)(B) of Title 28 of the United States Code and Rule 12(h)(3) of the Federal Rules of Civil Procedure. *See* Dkt. No. 5 at 2-3 (citing, *inter alia, Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) and *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)). Magistrate Judge Dancks determined that Plaintiff failed to establish federal question jurisdiction because, even when liberally construed, "Plaintiff identifies no statute under which her Complaint is brought and the Court can discern none." *Id.* at 4; *see* Dkt. No. 1 at 3. Furthermore, Magistrate Judge Dancks determined that "Plaintiff cannot establish diversity jurisdiction because Plaintiff and Defendant are both citizens of" New York State, and "the amount in controversy is $20,000." Dkt. No. 5 at 4; *see* Dkt. No. 1 at 3-4. Accordingly, Magistrate Judge Dancks correctly concluded that "Plaintiff fails to demonstrate this Court's jurisdiction as she demonstrates neither federal question jurisdiction nor diversity jurisdiction." Dkt. No. 5 at 3-4 (citing *Smith ex rel. Bey v. Kelly*, 12-CV-2319 (JS)(AKT), 2012 WL 1898944, at *2 (E.D.N.Y. May 24, 2012)).

Finally, considering Plaintiff's *pro se* status, Magistrate Judge Dancks recommended dismissal of the Complaint without prejudice and with leave to amend. [1] The Court agrees that Plaintiff should be granted an opportunity to amend the complaint in light of her *pro se* status. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim.") (citation omitted); *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, No. 5:14-CV-0941 (GTS/DEP), 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) ("a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated' ") (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)).

[1]    Magistrate Judge Dancks noted that "Plaintiff is not prevented from filing a complaint in an appropriate state court, should she wish to do so," although she made no determination as to whether Plaintiff could successfully or properly bring such a claim. Dkt. No. 5 at 5-6 & n.3.

Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety. [2]

[2]    The Court reiterates Magistrate Judge Dancks's admonition to Plaintiff that any amended complaint or submission to this Court must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, including by specifically identifying the facts and legal theory or theories that form the basis of any claim. Additionally, Magistrate Judge Dancks appropriately cautioned Plaintiff that filing vexatious, harassing, or duplicative lawsuits may result in the imposition of sanctions, which may include limitations on Plaintiff's ability to file submissions in federal court without prior permission of the Court. *See* Dkt. No. 5 at 5-6.

### IV. CONCLUSION

**\*3**   Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 5, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that Plaintiff shall file an amended complaint within **THIRTY (30) DAYS** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2023 WL 1431633

**Dobbs v. SEFCU, Not Reported in Fed. Supp. (2023)**

2023 WL 1431633

---

**End of Document**                                   © 2024 Thomson Reuters. No claim to original U.S. Government Works.

**Rashid v. Sufyan, Not Reported in Fed. Supp. (2016)**

2016 WL 7077082

Case 5:24-cv-00620-FJS-TWD   Document 4   Filed 06/11/24   Page 25 of 29

2016 WL 7077082
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Jamal RASHID, Plaintiff,

v.

Dr. SUFYAN, Defendant.

Civ. No. 1:16-CV-1094(FJS/DJS)

|

Signed 11/04/2016

**Attorneys and Law Firms**

JAMAL RASHID, 15-A-4424, Great Meadow Correctional Facility, Box 51, Comstock, New York 12821, Plaintiff, Pro Se.

**REPORT-RECOMMENDATION and ORDER**

DANIEL J. STEWART, United States Magistrate Judge

**\*1** The Clerk has sent for review a civil Complaint filed by *pro se* Plaintiff Jamal Rashid, who is presently incarcerated in Great Meadow Correctional Facility. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP").[1] Dkt. No. 5, IFP App. By separate Order, dated November 4, 2016, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

1      This case was initially brought in September 2016, but was administratively closed due to the fact that Plaintiff's IFP Application was incomplete. Dkt. Nos. 2 & 4. Upon the filing of a complete IFP Application, this matter was reopened and forwarded to the undersigned for review. Dkt. Nos. 5 & 6.

**I. DISCUSSION**

**A. Pleading Requirements**

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*,

"the court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution ... in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'–'that the pleader is entitled to relief.' " *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* at 678 & 679 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that *Federal Rule of Civil Procedure 8* "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed.Appx. 102, 104 (2d Cir. 2009).

**B. Allegations Contained in Plaintiff's Complaint**

Rashid v. Sufyan, Not Reported in Fed. Supp. (2016)

2016 WL 7077082

**\*2** According to the Complaint, in late-October/early-November 2013, after being choked from behind and losing consciousness, Plaintiff awoke and walked to a hospital for help. Compl. at pp. 4-5. [2] The hospital referred Plaintiff to Defendant Dr. Sufyan for a "shattered orbital floor in his right eye, a broken jaw, and bone fragments in his sinus box." *Id.* Dr. Sufyan performed plastic surgery, consisting of placing metal in Plaintiff's face in three places—eyes, nose, and jaw. *Id.* at p. 4. According to Plaintiff, complications arose wherein his eye bled for a month, screws were falling out, he experienced headaches, and had trouble eating. *Id.* at pp. 4-5. When Plaintiff complained to Dr. Sufyan about a screw that came loose, Dr. Sufyan replied that he should not worry because the brace would come out shortly. *Id.* at p. 5. Medical professionals have advised Plaintiff that the plates were not placed correctly and that the hardware failed. [3] *Id.*

[2]  Citations to the Plaintiff's Complaint are to the page numbers automatically assigned by the Court's Case Management Electronic Case Files ("CM/ECF") System.

[3]  Plaintiff mentions that he had retained an attorney to represent him in a malpractice action against Dr. Sufyan, but the attorney apparently stopped representing him at some point. It is not clear whether a malpractice action has been brought by Plaintiff and, if so, what the status of such action is at the present time.

The Court notes that in bringing this action, Plaintiff utilized a *pro forma* complaint typically used by inmates who are seeking to vindicate violations of their constitutional rights pursuant to 42 U.S.C. § 1983. That statute "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at \*2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). Yet, in the civil cover sheet accompanying his Complaint, Plaintiff indicates that this action is one of personal injury—medical malpractice—and he states that he is bringing this action for "inadequate treatment, negligence (medical misconduct), [and] violation of constitutional right—4 th ." Dkt. No. 1-1, Civil Cover Sheet.

It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the basis for its own jurisdiction. *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512 (1973); *see also Alliance of Am. Ins. v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction *sua sponte*). When subject matter jurisdiction is lacking, dismissal is mandatory. *United States v. Griffin*, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In light of his *pro se* status, and because of the lack of clarity regarding the basis for the Court's jurisdiction, the Court will *sua sponte* assess whether subject matter jurisdiction is present here under both federal question and diversity jurisdiction.

With regard to the Court's federal question jurisdiction, the Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus I start my analysis with the federal statute by which Plaintiff has invoked in order to remedy violations of his constitutional rights.

First, after reviewing the facts of this case, the Court is unsure as to the precise Constitutional right Plaintiff asserts has been violated. But even more problematic for Plaintiff is the fact that the a party may not be held liable under § 1983 unless it can be established that he has acted under the color of State law. *See, e.g., Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, 1992 WL 280914, at \*1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted). Thus, State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.*, 1995 WL 743719, at \*2 (N.D.N.Y. Dec. 6, 1995) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (citation omitted)).

**\*3** From all reasonable interpretations of the facts contained in the Complaint, it appears that Defendant Dr. Sufyan is a private surgeon who is employed at the Williams Center Plastic Surgery Specialists, which Plaintiff states is located in Latham, New York. According to the Complaint, it appears that Dr. Sufyan provided medical care to Plaintiff prior to the Plaintiff's incarceration. [4] No where in the Complaint does Plaintiff allege that Dr. Sufyan provided medical care for him on behalf of the State, at the request of the State, or that Dr. Sufyan has any connection to the State such that his actions could be categorized as acting under color of State law.

**Rashid v. Sufyan, Not Reported in Fed. Supp. (2016)**
2016 WL 7077082

Case 5:24-cv-00620-FJS-TWD   Document 4   Filed 06/11/24   Page 27 of 29

Having failed to show that the Defendant acted under color of State law, Plaintiff fails to state a cognizable cause of action against Defendant Sufyan pursuant to 42 U.S.C. § 1983. Thus, the Court recommends that this claim be dismissed from this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4      Indeed, despite Plaintiff's current incarcerated status, there is no indication that Plaintiff's interaction with Dr. Sufyan occurred while Plaintiff was in custody. According to the Complaint, Plaintiff began his relationship with Defendant in October/November of 2013 when, after visiting a hospital, Plaintiff was referred to him for treatment. Compl. at p. 4. Although unclear, it seems that Plaintiff's criminal charge may relate to the reason he sought medical care. *Id.* at p. 5 (noting his belief that his retained civil attorney refused to continue the case due to his criminal case, which "started after someone choked [Plaintiff] from behind until [he] was unconcious" after which he went to the hospital). Plaintiff began experiencing negative side effects from his surgery from some unspecified date, possibly in 2014, through the date the Complaint was signed. *Id.* at pp. 4-5 & 7. According to the Department of Corrections and Community Supervision ("DOCCS"), his current incarceration began in November 2015. *See* DOCCS Inmate Information Data, *available at* http://nysdoccslookup.doccs.ny.gov (information obtained for DIN 15-A-4424). While it is not clear whether Plaintiff served any time in prison during the pendency of the criminal proceeding, and it is not clear when his stopped getting treatment from Dr. Sufyan, the facts set forth in the Complaint suggest that during the relevant time in question, he was not in prison and was able to travel to his various medical appointments by "medicab". Compl. at p. 5.

Because the Plaintiff has not set forth a cognizable claim pursuant to this Court's federal question jurisdiction, the I will consider whether the Court has subject matter jurisdiction under 28 U.S.C. § 1332, the statute conferring diversity jurisdiction. For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and must be between

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

For diversity jurisdiction purposes, an individual's citizenship is the individual's domicile, which is determined on the basis of two elements: "(1) physical presence in a state and (2) the intent to make the state a home." *See Zimak Co. v. Kaplan,* 1999 WL 38256, at *2 (S.D.N.Y. Jan. 28, 1999) (quoting 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 102.34[2] (3d ed. 1998)).

In the "Parties" section of the Complaint, Plaintiff provides a Comstock, New York, address for himself. 5 For Defendant Dr. Sufyan, Plaintiff lists a Latham, New York address, which, upon information and belief, is his place of employment. Plaintiff's claim sounds in medical malpractice and negligence and he seeks compensation for his pain and suffering in the amount of $2,100,000. While on its face the amount in controversy well exceeds the $75,000 as required by the statute, because both parties apparently reside in the same State, namely, New York State, and thus diversity jurisdiction is lacking. Accordingly, the Court recommends dismissing Plaintiff's State claims, to the extent he has asserted any, due to a lack of subject matter jurisdiction. 6

5      As previously noted, Rashid is currently incarcerated at the Great Meadow Correctional Facility. Compl. at p. 1.

6      This is not a ruling nor finding on the merits of any State claim Plaintiff seeks to pursue against Defendant.

## II. CONCLUSION

**\*4** In light of the above discussion, the undersigned has determined that this Court lacks the subject matter jurisdiction necessary to maintain this action. **WHEREFORE**, it is hereby

**RECOMMENDED**, that this entire action be *sua sponte* dismissed due to lack of subject matter jurisdiction; and it is further

**Rashid v. Sufyan, Not Reported in Fed. Supp. (2016)**

2016 WL 7077082

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**All Citations**

Not Reported in Fed. Supp., 2016 WL 7077082

---

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

Case 5:24-cv-00620-FJS-TWD    Document 4    Filed 06/11/24    Page 29 of 29

Rashid v. Sufyan, Not Reported in Fed. Supp. (2016)

2016 WL 7053412

2016 WL 7053412
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Jamal RASHID, Plaintiff,

v.

Dr. SUFYAN, Plastic Surgeon, Williams
Center Plastic Surgeons Specialists, Defendant.

1:16-CV-1094 (FJS/DJS)
|
Signed 12/05/2016

**Attorneys and Law Firms**

JAMAL RASHID, 15-A-4424, Great Meadow Correctional
Facility, Box 51, Comstock, New York 12821, Plaintiff pro se.

**ORDER**

SCULLIN, Senior Judge

**\*1** In a Report-Recommendation and Order dated November
4, 2016, Magistrate Judge Stewart, after conducting a
review of the sufficiency of Plaintiff's complaint pursuant
to 28 U.S.C. § 1915(e), concluded that the Court did
not have subject matter jurisdiction over this matter either
under federal question jurisdiction or diversity jurisdiction.
Therefore, he recommended that the Court dismiss this action.
*See* Dkt. No. 8 at 7.

On November 28, 2016, the Court received for filing a
document, which the Court has construed as Plaintiff's
objections to Magistrate Judge Stewart's recommendation.
*See* Dkt. No. 9. In that document, Plaintiff does not address
the jurisdictional issue but, rather, discusses his medical
problems and acknowledges that he was not incarcerated
when Defendant Dr. Sufyan violated his right, under the
Eighth Amendment, to have adequate medical care. *See id.*
at 1.

Whether Plaintiff is attempting to assert his claim against
Defendant Dr. Sufyan under the Fourth Amendment or the
Eighth Amendment does not change the fact that Plaintiff's
complaint does not contain any allegations from which the
Court can draw the reasonable inference that, at the time
Defendant Dr. Sufyan treated Plaintiff, he did so "on behalf of
the State, at the request of the State, or ... ha[d] any connection
to the State such that his actions could be categorized as acting
under color of State law." *See* Dkt. No. 8 at 6. Thus, the
Court agrees with Magistrate Judge Stewart that Plaintiff has
failed to state a cause of action against Defendant Dr. Sufyan
pursuant to 42 U.S.C. § 1983; and, therefore, the Court lacks
federal question jurisdiction over this matter.

Likewise, there is nothing in Plaintiff's complaint or in his
objections to Magistrate Judge Stewart's recommendation
that indicates that Plaintiff and Defendant are citizens of
different states for purposes of diversity jurisdiction. In fact,
as Magistrate Judge Stewart pointed out, it appears that both
parties appear to be residents of the State of New York. *See*
Dkt. No. 8 at 7. The Court agrees with this assessment and,
therefore, concludes that it lacks diversity jurisdiction over
this matter.

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Stewart's November 4, 2016
Report-Recommendation and Order is **ACCEPTED in its
entirety** for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED** for lack
of subject matter jurisdiction; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of
this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2016 WL 7053412

**End of Document**                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.