UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHARLES WILLIAMS, JR.,

                              **Plaintiff,**

                v.

ZACHARY PELOSI, Entrepreneur, Business          5:24-cv-620 (FJS/TWD)
Owner, All American Mart; and JOHN DOE,
Store Owner's Helper also known as Twist,

                              **Defendant.**
_____

**APPEARANCES**                                          **OF COUNSEL**

**CHARLES WILLIAMS, JR.**
**4092**
Cayuga County Jail
7445 County House Road
Auburn, New York 13021
Plaintiff *pro se*

**SCULLIN, Senior Judge**

## ORDER

      Plaintiff filed his complaint alleging claims arising from an incident that occurred in a store on or about May 19, 2021.  His complaint contains claims for "pain and suffering" and "mental anguish" pursuant to 42 U.S.C. § 1983.  Defendants are Zachary Pelosi, whom Plaintiff identifies as an entrepreneur and business owner of All American Mart in Auburn, N.Y. and John Doe a.k.a. "Twist," the store owner's helper.  He seeks $300,000 in relief.

      On June 11, 2024, Magistrate Judge Dancks issued a Report-Recommendation and Order, in which, among other things, she recommended that the Court dismiss Plaintiff's claims without

prejudice and with leave to amend.  *See* Dkt. No. 4, Report-Recommendation and Order, at 8.[1] Magistrate Judge Dancks explained that the court must dismiss an *in forma pauperis* complaint "if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief" or when a Court lacks subject matter jurisdiction over "a complaint, or portion thereof."  *See id.* at 3 (citing 28 U.S.C. § 1915A(b)(1)-(2); § 1915(e)(2)(B)(i)-(iii); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")).

After reviewing Plaintiff's complaint, Magistrate Judge Dancks concluded that, "even afforded a liberal construction, Plaintiff's complaint has failed to allege a federal claim such that the Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331 may be invoked." *See id.* at 5 (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (the plaintiff bears the burden of establishing subject matter jurisdiction)).  In addition, Magistrate Judge Dancks found that "there is nothing in Plaintiff's complaint which would indicate the Court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332."  *See id.* at 7 (noting that, although the amount of damages requested, *i.e.* $300,000, "is greater than the statutory amount in controversy requirement . . . the complaint is completely devoid of information concerning the Defendants' domicile; therefore, Plaintiff has failed to invoke diversity jurisdiction . . ." (internal citations omitted)).

Nonetheless, Magistrate Judge Dancks recommended that, "[b]ecause the Court lacks subject matter jurisdiction, the Court must recommend dismissing the action without prejudice."

---

[1] Citations to the page numbers in documents in the record are to the page numbers that the Court's CM/ECF system generates, which appear in the upper right corner of those pages.

*See id.* (citations omitted). Therefore, she also recommended that the Court grant Plaintiff leave to amend. *See id.* at 8.

Magistrate Judge Dancks informed Plaintiff that he had "fourteen (14) days within which to file written objections" and that "failure to object . . . within fourteen (14) days will preclude appellate review." *See id.* at 9 (citations omitted).

Plaintiff requested an extension of time in which to file his objections, *see* Dkt. No. 5, which this Court granted, setting July 19, 2024, as the new deadline for filing objections. *See* Dkt. No. 6. On August 7, 2024, after the deadline for filing objections had expired, Plaintiff filed a letter in which he stated that he was "writing in dire respects of withdrawing from said case, if possible." *See* Dkt. No. 7. The Court construes this letter to indicate both that Plaintiff has no objections to Magistrate Judge Dancks' recommendations and that he desires to voluntarily dismiss this case without prejudice.

When a party does not object to a magistrate judge's report-recommendation, the court reviews that report-recommendation for clear error or manifest injustice. *See Linares v. Mahunik*, No. 9:05-CV-625, 2009 WL 3165660, *10 (N.D.N.Y. July 16, 2009) (citation and footnote omitted). After conducting this review, "the Court may 'accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge.'" *Id.* (quoting 28 U.S.C. § 636(b)(1)(C)). The Court has reviewed Magistrate Judge Dancks' June 11, 2024 Report-Recommendation and Order for clear error and manifest injustice and finds none.

In addition, to the extent that Plaintiff's response to Magistrate Judge Dancks' Report-Recommendation can be construed as a notice of voluntary dismissal, the Court notes that Plaintiff has filed his "notice of voluntary dismissal" within the appropriate time to do so. *See* Fed. R. Civ. P. 41(a)(1)(A)(i) (providing that "the plaintiff may dismiss an action without a court

order by filing: (1) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment).

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Dancks' June 11, 2024 Report-Recommendation is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that the Clerk of the Court shall edit the docket text of Dkt. No. 7 to indicate that Plaintiff's submission is a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A)(i) and close this case.

**IT IS SO ORDERED.**

Dated: September 9, 2024
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge